## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>          v.<br><br>JEANNINE J. LANE; JJJ, INC., a<br>Nebraska Corporation; and JAL, INC.,<br>a Nebraska Corporation,<br><br>                   Defendants. | Civil No.: 8:19-CV-00415 |

## <u>COMPLAINT</u>

Plaintiff, the United States of America, for its complaint, alleges as follows:

1.      This is an action by the United States for treble damages and civil penalties against defendants Jeannine J. Lane doing business under the name JJJ, Inc. and/or JAL, Inc., JJJ, Inc., a Nebraska corporation, and JAL, Inc., a Nebraska corporation (collectively "defendants"), for violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 – 3733, for damages for the common law and equitable claims of unjust enrichment, and for damages for the common law and equitable claims of payment by mistake.

2.      In this action, the United States alleges that defendants submitted false claims for corn crop losses on acreages (units) insured under Multiple Peril Crop Insurance ("MPCI") policies in Nebraska in 2012 and 2013 and in Iowa in 2012.

3.      In the event of damage or loss covered by a MPCI policy, the insured must submit a claim declaring the amount of the loss for each insured unit. To receive an

indemnity payment, the insured must provide all appraised and harvested production and marketing records of each insured crop by unit, and establish the total production or value received for the insured crop on the unit.

4.      In the event of damage or loss covered by a MPCI policy, the insured must sign a Production Worksheet/Proof of Loss form certifying that all of the information provided is true and complete, including but not limited to, the amount of appraised and harvested production.

5.      Jeannine J. Lane, acting for JJJ, Inc., knowingly underreported the total production of corn on insured units for which she made claims for MPCI indemnity payments in Nebraska in 2012 and 2013.  Jeannine J. Lane, acting for JAL, Inc., knowingly underreported the total production of corn on an insured unit for which she made a claim for an MPCI indemnity payment in Iowa in 2012.  By underreporting the total production of corn, Jeannine Lane caused the indemnity amounts she claimed to be vastly overstated.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this action pursuant to 31 U.S.C. §§ 3729 – 3733, and 28 U.S.C. §§ 1331, 1345, and 1355, and supplemental jurisdiction to entertain common law and equitable claims pursuant to 28 U.S.C. § 1367(a).

7.      The Court has personal jurisdiction over each Defendant pursuant to 31 U.S.C. § 3732(a).  Jurisdiction is proper over each Defendant because they can be found in, reside in, and/or have transacted business within this Court's jurisdiction, and the acts that they committed, in violation of 31 U.S.C. § 3729, occurred within this District.

8.      Venue is proper in the District of Nebraska pursuant to 28 U.S.C. §§ 1391 and 1395 because a substantial part of the events giving rise to the claims herein occurred in this District, because Jeannine J. Lane resides and does business in this District, because JJJ, Inc. and JAL, Inc. are incorporated and do business in the State of Nebraska, and pursuant to 31 U.S.C. § 3732(a) because the defendants can be found and transact business in this District.

## THE PARTIES

9.      Plaintiff is the United States of America, suing on behalf of the United States Department of Agriculture ("USDA"), the Risk Management Agency ("RMA"), an agency of the USDA, and the Federal Crop Insurance Corporation ("FCIC"), a wholly-owned government corporation.  Congress enacted the Federal Crop Insurance Act ("FCIA") "to promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance." 7 U.S.C. § 1502.  To carry out that purpose, Congress created the FCIC to provide insurance and reinsurance under the FCIA.  7 U.S.C. §§ 1503, 1508. The RMA was established to  administer the terms and conditions authorized under the FCIA and to oversee the federally reinsured crop insurance programs.  Congress authorized the FCIC to use private insurance companies, referred to as Approved Insurance Providers ("AIPs"), to sell and service MPCI policies to the nation's farmers.  The AIP that sold and serviced the MPCI policies at issue in this action was ACE Property and Casualty ("ACE American") Insurance Company d/b/a Rain and Hail, L.L.C. ("Rain and Hail").

10.      Jeannine J. Lane is a resident of Ogallala, Nebraska.  At all times relevant to the claims and events alleged in this complaint, Jeannine J. Lane resided and conducted

business in Ogallala, Nebraska.  At all times relevant to the claims and events alleged in this complaint, Jeannine J. Lane participated in the management of JJJ, Inc.'s farming operation as well as JAL, Inc.'s farming operation, including applications for corn crop insurance and submissions of corn crop insurance claims.

11.     JJJ, Inc. is a Nebraska corporation, formed in 1988, that continued to exist at all times relevant to the claims and events alleged in this complaint. As of March 7, 2006, Jeannine J. Lane reported to the Nebraska Secretary of State that:  JJJ, Inc.'s business address was 401 N. Spruce, Ogallala NE; that the business was engaged in farming in Keith and Garden counties; that JJJ, Inc. "is a family owned company with at least one of the family members either residing on the property or actively engaged in the day to day labor and management;" and identifying Jeannine J. Lane, PO Box 299, Ogallala NE as the family member so engaged in the business.  Jeannine J. Lane is the President, Secretary, and Treasurer of JJJ, Inc.

12.     JAL, Inc. is a Nebraska corporation, formed in 1989, that continued to exist at all times relevant to the claims and events alleged in this complaint.  On April 9, 2002, Jeannine J. Lane, Secretary of JAL, Inc., became the registered agent for the corporation, with an office at 401 North Spruce, Ogallala NE.

13.     JJJ, Inc. and JAL, Inc. are vicariously liable for the actions of their executives, employees, and agents committed within the course and scope of their employment.

## THE FALSE CLAIMS ACT

14.     The FCA, at 31 U.S.C. § 3729(a)(1), provides that a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, "plus 3 times the amount of damages which the Government sustains because of the act of that person."

15.     At 31 U.S.C. § 3729(b)(1), the terms "knowing" and "knowingly" are defined to "(A) mean that a person, with respect to information—(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific intent to defraud."

## THE FEDERAL CROP INSURANCE PROGRAM

16.     The FCIC provides reinsurance for private insurers of producers of agricultural commodities grown in the United States.  Private insurance agencies offer insurance plans provided by private insurers to producers.

17.     Jeannine J. Lane, JJJ, Inc., and JAL, Inc. purchased Multiple Peril Crop Insurance through Farm Credit Services of America, Alliance, NE.  Pursuant to these MPCI policies, Rain and Hail provided crop insurance coverage.  The FCIC reinsured these MPCI policies.

18.     The FCIC also pays private insurance companies an Administrative and Operating ("A&O") subsidy to sell and service crop insurance policies.  The FCIC also

subsidizes the producer (policyholder) premiums and reimburses the insurance companies for indemnity payments made to policyholders.

19.    A "unit" describes how acreage of a crop is grouped together for crop insurance coverage.  A "basic unit" includes all insurable acreage of a specific crop in a specific county.  "Optional units" for an insurable crop, within the same county, can be established by location and/or method of farming practice (*e.g.*, irrigated or non-irrigated). Each unit, either basic or optional, is enumerated separately.

20.    When an insured producer (policyholder) makes a claim for loss of production, that is, a lower-than-guaranteed yield of an insured crop, the producer is required to accurately report all production of that crop on the unit for which a loss is claimed and for all other insured units planted to the same crop.  A unit for which a claim for loss of production is made is referred to as a "loss unit."

## DEFENDANTS' CLAIMS FOR LOSS UNITS

21.    The corn crop production losses claimed by JJJ, Inc. and Jeannine Lane for crop years 2012 and 2013 in Nebraska, and corn crop production loss claimed by JAL, Inc. and Jeannine Lane for crop year 2012 in Iowa, were for the units identified as follows by Unit Number, Map Location (Section-Township-Range), Name, County, and Acreage:

### 2012 Nebraska

| Optional Unit | Map Location | Name | County | Acreage |
|---|---|---|---|---|
| 1.01 | 17-16N-42W | Lewellen 3 | Garden | 455 |
| 2.03 | 11-14N-37W | Keystone | Keith | 381.5 |

**2013 Nebraska**

| Optional Unit | Map Location | Name | County | Acreage |
|---|---|---|---|---|
| 1.01 | 6-16N-41W | Lewellen 4b | Garden | 131.2 |
| 1.02 | 1-16N-42W | Lewellen 4a | Garden | 129 |
| 1.05 | 22-16N-42W | Lewellen 1 | Garden | 246.6 |
| 2.01 | 7-13N-40W | Brule 2 | Keith | 150.6 |
| **Optional Unit** | **Map Location** | **Name** | **County** | **Acreage** |
| 2.03 | 17-13N-40W | Brule 1 | Keith | 123.2 |
| 2.05 | 11-14N-37W | Keystone | Keith | 381.5 |

**2012 Iowa**

| Basic Unit | Map Location | County | Acreage |
|---|---|---|---|
| 1.00 | 15&16-77N-40W | Pottawattamie | 254.3 |

These claims were made and submitted to Rain and Hail, the AIP, on Production Worksheet/Proof of Loss ("PWP") forms signed and/or certified by Jeannine J. Lane to be correct and complete, Jeannine J. Lane then knowing that the total production, "production to count," of corn stated on the PWP forms was false.

22.     For each of the units identified above, Defendants reported and certified the total production of corn was as follows:  Nebraska 2012, 92,417.7 bushels; Nebraska 2013, 175,168.1 bushels; Iowa 2012, 12,699.4 bushels.

7

23.     For each of the units identified above, the actual total production of corn was as follows:  Nebraska 2012, 150,461.7 bushels; Nebraska 2013, 260,467.8 bushels; Iowa 2012, 34,398.7 bushels.

24.     For each of the units identified above, Defendants knowingly underreported the actual production of corn, and thereby knowingly overstated the claim for indemnity. The unreported production, that is the number of bushels actually produced less the number of bushels reported, was as follows: Nebraska 2012, 58,044 bushels; Nebraska 2013, 85,299.7 bushels; Iowa 2012, 21,699.3 bushels.

25.     Jeannine J. Lane, on her own behalf and on behalf of Defendants JJJ, Inc., and JAL, Inc., concealed corn production that was required to be reported: (1) by submitting to Rain and Hail adjusters incomplete and misleading settlement sheets from grain elevators: DeBruce Grain Company and Gavilon Grain Company in Nebraska, and Scoular Company in Iowa; and (2) failing to provide grain elevator settlement sheets that would have shown sales of corn for the years in which production losses were claimed.

## LOSS TO THE GOVERNMENT

26.     The Common Crop Insurance Policy (FCIC 11-BR), reinsured by the FCIC under the provisions of the Federal Crop Insurance Act, provides at Section 27 that: ". . . if you [the policyholder] or anyone assisting you has intentionally concealed or misrepresented any material fact relating to this policy . . . this policy will be voided . . . effective on the first day of the crop year in which the act occurred . . .."

27.     Accordingly, Jeannine J. Lane, JJJ, Inc., and JAL, Inc. were not entitled to receive any crop insurance subsidy benefits and indemnity payments for crop years 2012

8

and 2013. The following table sets out the premium subsidies, the A&O subsidies, and the indemnity payments that were paid on Jeannine J. Lane, JJJ, Inc., and JAL, Inc.'s federally reinsured MPCI policies for crop years 2012 and 2013:

| Insured | Policy # | County/State | Crop Year | Premium Subsidy | A&O Subsidy | Indemnity Payment |
|---|---|---|---|---|---|---|
| JJJ, Inc. | 724496 | Garden/NE | 2013 | $22,911 | $4,310 | Withheld |
| JJJ, Inc. | 724496 | Keith/NE | 2013 | $22,149 | $4,166 | Withheld |
| JJJ, Inc. | 724496 | Garden/NE | 2012 | $25,550 | $4,986 | $296,455 |
| JJJ, Inc. | 724496 | Keith/NE | 2012 | $28,234 | $5,509 | $201,527 |
| Jeannine Lane | 742829 | Pottawattamie/ Iowa | 2012 | $4,752 | $927 | $161,089 |
| | | | Totals: | $103,596 | $19,898 | $659,071 |

28.   The total premium subsidies of $103,596, the total A&O subsidies of $19,898, and total indemnity payments of $659,071 on Defendants' corn policies for crop years 2012 and 2013 result in total costs and damages to the Government of $782,565.

## COUNT ONE
### Violation of the False Claims Act
### 31 U.S.C. § 3729(a)(1)(A)

29.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28 above, as if fully set forth herein.

30.   Defendants Jeannine J. Lane and JJJ, Inc. violated the False Claims Act, 31 U.S.C § 3729(a)(1)(A), by knowingly presenting to an AIP and thereby causing to be presented to the United States Government, false or fraudulent claims for indemnity payments on federally reinsured MPCI policies for purported corn production losses in

9

Garden County and Keith County, Nebraska; to wit: (1) a PWP form dated 11/19/2012 claiming an indemnity payment of $201,527 for corn production loss on Optional Unit 2.03 in Keith County, NE; (2) a PWP form dated 11/19/2012 claiming an indemnity payment of $296,455 for corn production loss on Optional Unit 1.01 in Garden County, NE; (3) Non Waiver Agreements and Production Reporting forms for crop year 2013 submitted on 1/14/2014 and 2/24/2014, that Jeannine J. Lane certified to be correct, claiming indemnity payments for corn production loss on Optional Units 1.01, 1.02, 1.05, 2.01, 2.03, and 2.05 in Garden County and Keith County, NE, claiming aggregate indemnity payments totaling $417,761.

31.    Pursuant to 31 U.S.C § 3729(a)(1), Defendants Jeannine J. Lane and JJJ, Inc. are liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000 for each violation of the FCA committed by Defendants.

32.    As a result of Defendants' false and fraudulent acts described above, the United States Government has sustained damages in an amount to be determined at trial. Pursuant to 31 U.S.C § 3729(a)(1), Defendants are liable for three times the amount of all such damages sustained by the United States Government because of the conduct of Jeannine J. Lane and JJJ, Inc.

## COUNT TWO
### Violation of the False Claims Act
### 31 U.S.C. § 3729(a)(1)(A)

33.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28 above, as if fully set forth herein.

34.     Defendants Jeannine J. Lane and JAL, Inc. violated the False Claims Act, 31 U.S.C § 3729(a)(1)(A), by knowingly presenting to an AIP and thereby causing to be presented to the United States Government, a false or fraudulent claim for an indemnity payment on a federally reinsured MPCI policy for purported corn production loss in Pottawattamie County, Iowa; to wit: a PWP form dated 12/04/2012 claiming an indemnity payment of $161,089 for corn production loss on Basic Unit 1.00. The United States, through the FCIC, paid $161,089 on this claim.

35.     Pursuant to 31 U.S.C § 3729(a)(1), Defendants Jeannine J. Lane and JAL, Inc. are liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000 for each violation of the FCA committed by Defendants.

36.     As a result of Defendants' false and fraudulent acts described above, the United States Government has sustained damages in an amount to be determined at trial. Pursuant to 31 U.S.C § 3729(a)(1), Defendants are liable for three times the amount of all such damages sustained by the United States Government because of the conduct of Jeannine J. Lane and JAL, Inc.

## COUNT THREE
## Violation of the False Claims Act
## 31 U.S.C. § 3729(a)(1)(B)

37.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28, and Paragraph 30, above, as if fully set forth herein.

38.     Defendants Jeannine J. Lane and JJJ, Inc. violated the provisions of the False Claims Act, 31 U.S.C § 3729(a)(1)(B), by knowingly making, using, or causing to made

and used, false records and statements material to false and fraudulent claims, which the United States, through FCIC, paid.

39.     The false records and statements were material to the amounts of payments made by the FCIC.

40.     Pursuant to 31 U.S.C § 3729(a)(1), Defendants Jeannine J. Lane and JJJ, Inc. are liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000 for each violation of the FCA committed by Defendants.

41.     The United States Government has sustained damages, in an amount to be determined at trial. Pursuant to 31 U.S.C § 3729(a)(1), Defendants are liable for three times the amount of all such damages sustained by the United States Government.

## COUNT FOUR
### Violation of the False Claims Act
### 31 U.S.C. § 3729(a)(1)(B)

42.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28, and Paragraph 34, above, as if fully set forth herein.

43.     Defendants Jeannine J. Lane and JAL, Inc. violated the provisions of the False Claims Act, 31 U.S.C § 3729(a)(1)(B), by knowingly making, using, or causing to made and used, false records and statements material to false and fraudulent claims, which the United States, through FCIC, paid.

44.     The false records and statements were material to the amounts of payments made by the FCIC.

45.     Pursuant to 31 U.S.C § 3729(a)(1), Defendants Jeannine J. Lane and JAL, Inc. are liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000 for each violation of the FCA committed by Defendants.

46.     The United States Government has sustained damages, in an amount to be determined at trial. Pursuant to 31 U.S.C § 3729(a)(1), Defendants are liable for three times the amount of all such damages sustained by the United States Government.

## COUNT FIVE
### Unjust Enrichment

47.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 46 above as if fully set forth herein.

48.     This is a claim by the United States Government for recovery of monies by which Defendants have been unjustly enriched.

49.     The United States Government paid money based on false claims for corn crop losses submitted by Defendants.  These claims violated applicable federal law and regulations, including the False Claims Act.

50.     Defendants were unjustly enriched at the expense of the United States Government in an amount to be determined at trial, which, under the circumstances, in equity and good conscience, should be returned to the United States Government.

## COUNT SIX
### Payment by Mistake

51.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 46 above as if fully set forth herein.

52.     This is a claim by the United States Government for the recovery of monies paid to Defendants by mistake for false corn crop losses.

53.     By reason of the foregoing, the United States Government made payments and/or participated in the FCIC program in reliance on the erroneous belief that Defendants were complying with federal law and regulations.  The erroneous belief was material in the United States Government's decision to make payments and reimbursements to the AIP.

54.     As a consequence of false claims for corn crop losses submitted by Defendants, Defendants were paid by mistake by the AIP and reimbursed by FCIC in an amount to be determined at trial, which, under the circumstances, in equity and good conscience, should be returned to the United States Government.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States prays for judgment against Defendants as follows:

A.     As to Counts One and Three under the False Claims Act, 31 U.S.C § 3729(a)(1), against Defendants Jeannine J. Lane and JJJ, Inc. for treble the damages sustained by the United States to be proven at trial, plus civil penalties as are allowable by law in the amount of $5,500 to $11,000 per violation, post-judgment interest, and costs;

B.     As to Counts Two and Four under the False Claims Act, 31 U.S.C § 3729(a)(1), against Defendants Jeannine J. Lane and JAL, Inc. for treble the damages sustained by the United States to be proven at trial, plus civil penalties as are allowable by law in the amount of $5,500 to $11,000 per violation, post-judgment interest, and costs;

C.      As to Count Five, unjust enrichment, against all Defendants, for the sums by which Defendants have been unjustly enriched, to be proven at trial, plus pre-judgment and post-judgment interest, and costs; and

D.      As to Count Six, payment by mistake, against all Defendants, for sums mistakenly paid by the United States, to be proven at trial, and for pre-judgment and post-judgment interest, and costs.

The United States demands a trial by jury as to all issues so triable.

WILLIAM P. BARR
United States Attorney General

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

 */s/ Matthew N. Sparks*
MATTHEW N. SPARKS
Special Attorney to the U.S. Attorney General
Charles Evans Whittaker Courthouse
400 East Ninth Street
Kansas City, Missouri  64106

The United States requests that trial of the above and foregoing action should be held in Omaha, Nebraska, and that the case be calendared accordingly.